**Surnamer v. Rothrock.**

*James T. Huber,* for plaintiff.
*Gary A. Brienza,* for defendant.

JOHNSON, *J.,* December 15, 2012—

## I. INTRODUCTION

Before the court for consideration is plaintiff Frank

Surnamer's complaint filed March 29, 2010. Plaintiff's complaint alleges breach of an oral contract by defendant Bruce L. Rothrock, Sr. In turn, defendant filed a separate complaint, which was later consolidated with the aforementioned case, and which sounds as a counterclaim alleging breach of contract by plaintiff.

## II. FINDINGS OF FACT

1. On January 23, 1999, plaintiff and defendant jointly purchased a Piper Saratoga airplane, call number N803GW ("Plane"), with each owning a half-interest.

2. The Plane was titled in the name of Rothrock Motor Sales, Inc. ("Dealership").

3. In January, 2008, the parties met at Charlie Brown's restaurant in Allentown Pennsylvania ("meeting") to discuss a real estate transaction.

4. The court finds defendant credible that the meeting took place in early-to-mid January, and finds plaintiff's testimony that the meeting took place on January 30, 2008 not credible.

5. During the meeting, the parties also discussed the Plane.

6. Plaintiff had been seeking to sell his interest in the Plane, which defendant knew.

7. Defendant told plaintiff he would buy his half share for $140,000.00, ostensibly for the purpose of reselling it at the same price to another party, Greg Feinberg

("Feinberg"), with whom plaintiff had been negotiating, with no success, to sell his share of the Plane.

8. Plaintiff knew defendant planned to resell the Plane. However, defendant did not state that he would only buy the Plane on the condition that Feinberg would purchase it from him.

9. Plaintiff and defendant did not specify a particular date on which payment would be due. Plaintiff stated at trial that defendant planned to pay within a "few months." Meanwhile, plaintiff's Exhibit 5B, a letter from plaintiff to defendant dated November 2, 2009, stated that defendant said he needed "60 days."

10. Plaintiff, seeking to memorialize in writing what he alleges was an agreement, delivered a proposed contract ("contract") to an employee at Rothrock motor sales on or around January 31, 2008. The contract stated that defendant had sixty (60) days within which to pay plaintiff $140,000.00.

11. Defendant never signed the contract.

12. At various intervals thereafter, plaintiff requested defendant pay for plaintiff's share of the Plane.

13. Defendant learned on March 7, 2008 that Feinberg was no longer interested in buying a stake in the Plane.

14. Later, in an indeterminate manner and at an indeterminate date, defendant refused to pay $140,000.00 for plaintiff's share.

15. Nowhere in the evidence has defendant admitted to having made a contract with plaintiff. Defendant stated in his trial deposition (which was admitted into evidence by agreement of the parties in lieu of defendant testifying) only that he suggested plaintiff sell his share to defendant, who would then sell that share to Feinberg. A letter from defendant to plaintiff dated December 10, 2009 ("December 10 letter") states only that defendant said, referring to the Plane, "sell it to me and I'll sell it to (Feinberg) for $140,000.00...."

16. The parties sold the Plane in the spring of 2011 for $238,000.

17. During their ownership of the Plane, the parties agreed to each pay one-half of the Plane's expenses.

18. Invoices for the Plane expenses were sent to, and paid by, the dealership and/or defendant. Afterward, defendant's assistant would invoice plaintiff for half the cost.

19. After September, 27, 2007, plaintiff did not pay expenses for the Plane. While defendant alleges that plaintiff's liability to defendant for the outstanding expenses on the Plane are $38,594.55, plus legal interest, defendant has only presented evidence proving defendant paid $19,856.08 in legal fees from January 2007 through June 2008. This represents the sum paid to Seidel, Cohen, Hof & Reid, LLC ("Lawyers") associated with damage the Plane incurred while hangared at Queen City Airport.

20. After comparing Exhibits D3 and D9, the court

finds plaintiff has paid $3,020.50 toward these legal fees.

21. The court also finds that two payments made by defendant before September 2007 remain unreimbursed. Exhibit D3 shows defendant paid legal invoices on February 12, 2007 in the amount of $330.00 and March 7, 2007 in the amount of $60.00. Exhibit D9 gives no indication that these sums are outstanding. Therefore, the court will not accept that plaintiff's share of this money is owed to defendant.

22. The court thus finds that half of the remaining legal fees paid by defendant is $6,712.54.

### III. CONCLUSION OF LAW

1. The court finds that the events at the meeting did not create a binding oral contract for purchase and sale of the Plane. It is well-established that, to maintain a cause of action in breach of contract, a plaintiff must establish, among other factors, the existence of a contract, including its essential terms. *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002). For a contract to be enforceable, the nature and extent of the mutual obligations must be certain, and the parties must have agreed on the material and necessary details of their bargain. *Lackner v. Glosser*, 892 A.2d 21 (Pa. Super. 2006). Where there is no agreement as to an essential term of an alleged bargain, such as time, an "agreement" is too indefinite for a party to reasonably believe that it could be enforceable in an action at law. *Id.* Here, plaintiff did not present credible evidence that the parties agreed on when a purchase and sale of the

Plane would be executed. Lacking this essential term, any agreement was too indefinite to be enforced.

2. Had the contract not been too indefinite for enforcement, it still would have been unenforceable under the statute of frauds, since it is allegedly a contract for the sale of goods in excess of $500.00. Plaintiff correctly cites to the statute of frauds, which states, in relevant part, that "A contract which does not satisfy the requirements of subsection (a) but which is valid in other respects, is enforceable...if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made...." 13 Pa. C.S.A. §2201(c). The defendant did not admit that a contract for sale was made. Instead, that was an issue in the within trial.

3. As a result of these conclusions of law, the court finds that plaintiff and defendant continued to be co-owners of the Plane until it was sold in 2011, and that defendant has proven that, per their ownership agreement, plaintiff owes defendant for legal fees incurred during that time.

## IV. CONCLUSION

Pursuant to the findings of fact and conclusions of law set forth above, the court finds plaintiff Frank Surnamer breached his agreement with defendant Bruce L. Rothrock Sr., and that plaintiff is indebted to the defendant in the amount of $6,712.54.

## AMENDED ORDER

And now, this ____ day of December, 2012, upon consideration of plaintiff Frank Surnamer's Complaint filed March 29, 2010 and defendant Bruce L. Rothrock, Sr.'s complaint, filed October 8, 2012 and sounding as a counterclaim, after non-jury trial, and for the reasons set forth in the following opinion;

It is hereby ordered that verdict is entered in favor of defendant Bruce L. Rothrock, Sr. and against plaintiff Frank Surnamer in the amount of $6,712.54.